UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 12-198 |
| TERRANCE LODRIG | SECTION "R" |

### ORDER AND REASONS

Defendant Terrance Lodrig moves to vacate his sentence under 28 U.S.C. § 2255.[1] Upon review of the entire record, the Court has determined that an evidentiary hearing is necessary regarding only Lodrig's claim that his counsel ignored his request to file a notice of appeal. The Court therefore grants petitioner's request for an evidentiary hearing as to that issue only.

I.  **BACKGROUND**

On May 9, 2013, Lodrig was charged with several crimes related to an armed bank robbery conspiracy.[2] On January 14, 2014, Lodrig pleaded guilty to (1) conspiracy to commit armed bank robbery; (2) armed bank robbery; (3) conspiracy to make false statements; and (4) conspiracy to commit

---

[1] R. Doc. 595.
[2] R. Doc. 57.

money laundering.3  Under the terms of Lodrig's plea agreement, he waived his right to appeal and collaterally challenge his conviction and sentence.4 But he retained the right to raise a claim of ineffective assistance of counsel in an appropriate proceeding.5  On November 16, 2016, this Court sentenced Lodrig to 112 months of imprisonment.6  As both parties acknowledge, that judgment became final on December 5, 2016, upon expiration of the period for filing notice of appeal.7

Lodrig subsequently filed a pro se motion requesting appointment of counsel for his direct appeal.8  In his request he stated that he asked his lawyer to file a direct appeal and that he was ignored.9  The Court referred Lodrig's motion to the Criminal Duty Magistrate Judge for appointment of counsel, and counsel was appointed.  Counsel for Lodrig filed a motion to vacate or set aside the sentence on December 5, 2017.10  Counsel then supplemented that motion over three months later, on March 23, 2018, adding additional claims of ineffective assistance of counsel regarding

---

3   R. Doc. 223.
4   R. Doc. 224.
5   *Id.*
6   R. Doc. 548; R. Doc. 549.
7   *See* R. Doc. 595 at 1; *see also* R. Doc. 615 at 7.
8   R. Doc. 568.
9   *Id.*
10  R. Doc. 595.

counsel's failure to obtain and present evidence at sentencing related to Lodrig's family situation, which Lodrig argues would have warranted a downward departure.[11] The government opposed the motion, but stated that should the Court find that Lodrig has proven his failure-to-appeal IAC claim, the Court should grant an out-of-time appeal, reenter the criminal judgment, and dismiss Lodrig's sentencing-related IAC claim without prejudice.[12]

## II. LEGAL STANDARD

Section 2255 of Title 28 of the United States Code provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Only a narrow set of claims are cognizable on a Section 2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.* A claim of error that is neither constitutional nor jurisdictional is not cognizable in a Section

---

[11] R. Doc. 602.
[12] R. Doc. 615 at 3.

3

2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

When a Section 2255 motion is filed, the Court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." Rules Governing Section 2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the Government to file a response or to take other appropriate action. *Id.* The judge may then order the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. *Id.*, Rules 6-7.

After reviewing the Government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the Court must determine whether an evidentiary hearing is warranted. *Id.*, Rule 8. An evidentiary hearing must be held "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the prisoner fails to produce any "independent indicia of the

4

likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *Brecht v. Abrahamson*, 507 U.S. 619, 629-30 (1993). For other "trial" errors, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Id.* at 637-38 (citation omitted); *see also United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht* in a Section 2255 proceeding). If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

## III. DISCUSSION

Lodrig brings two ineffective assistance of counsel claims across three pleadings. First, he claims that his counsel was ineffective for failing to file a notice of appeal, as Lodrig requested. Second, he claims that his counsel

was ineffective for failing to submit evidence regarding Lodrig's family situation at sentencing.

The Court first considers Lodrig's failure-to-appeal IAC claim. As the government concedes, this claim was timely filed, as Lodrig asserted it within a year of his conviction becoming final.[13] But the government suggests that Lodrig's failure to appeal claim is not sufficiently raised because he did not include a sworn affidavit stating that he requested his lawyer file a timely appeal.[14] One district court has stated that "a defendant's right to an evidentiary hearing . . . is premised on his sworn pleading that he expressly instructed trial counsel to pursue an appeal or file a notice of appeal." *United States v. Rodriguez*, 2011 WL 5358685, at *6 (S.D. Tex. Nov. 3, 2011). But this was dicta, as that court's holding that petitioner was not entitled to an evidentiary hearing was premised on the fact that he never expressly requested his attorney file an appeal. *Id.* And cases in this circuit have not required sworn affidavits for failure-to-appeal IAC claims. *See United States v. Thomas*, 216 F.3d 1080 (5th Cir. 2000). Here, Lodrig explicitly stated in his initial pleading: "I have asked my lawyer to file a direct appeal and he has

---

13  R. Doc. 615 at 6.
14  R. Doc. 615 at 9.

ignored me."[15] This claim was reiterated in the motion filed by his counsel.[16] The Court therefore finds that Lodrig's failure-to-appeal IAC claim was sufficiently raised.

Failing to file a notice of appeal when a criminal defendant requests a lawyer to do so is *per se* ineffective assistance of counsel, even without a showing that the appeal would have merit. *See Roe v. Flores-Ortega*, 528 U.S. 470, 483-84 (2000). When the record does not conclusively show whether the petitioner requested counsel file an appeal, an evidentiary hearing should be held on the issue. *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007) ("Because the record in the instant case does not conclusively show whether Tapp requested that his council file an appeal, we vacate . . . and remand for an evidential hearing on this issue."). Here, the record does not conclusively show whether Lodrig requested that his counsel file an appeal, nor does it refute petitioner's allegation. An evidentiary hearing is therefore required.

If Lodrig is able to show by a preponderance of the evidence at an evidentiary hearing that he requested his attorney timely file a notice of appeal, the proper remedy is for the Court to grant an out-of-time appeal,

---

[15]  R. Doc. 568 at 1.
[16]  R. Doc. 595 at 1-2.

reenter the criminal judgment, and dismiss Lodrig's sentencing-related IAC claim without prejudice. *See, e.g.*, *Mack v. Smith*, 659 F.2d 23, 25-26 (5th Cir. 1981); *United States v. Henderson*, No. 10-40, 2014 WL 4063930, at *3 (E.D. La. Aug. 13, 2014). This accords with the government's request.[17] The Court will therefore take Lodrig's sentencing-related IAC claim under advisement until the record regarding his failure-to-appeal IAC claim is further developed following the evidentiary hearing.

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED than an evidentiary hearing is set to be held on March 4, 2020 at 9:30 a.m. before the district judge. The scope of the hearing shall be limited solely to whether trail council's performance was constitutionally deficient for failing to file a notice of appeal if requested by petitioner. IT IS FURTHER ORDERED that Lodrig shall file a memorandum in support of his position, along with any supporting affidavits and other evidence, no later than February 12, 2020. The government shall file a responsive memorandum, along with any supporting affidavits or other evidence, no later than February 26, 2020. If

---

[17] *See* R. Doc. 615 at 9-10.

the parties wish to introduce live testimony at the hearing, they shall request leave of Court no later than February 12, 2020. Should petitioner wish to attend the hearing, he shall move for a writ of habeas corpus ad testificandum no later than December 18, 2019. The Court takes Lodrig's sentencing-related ineffective assistance claim under advisement pending further development of the record.

New Orleans, Louisiana, this ___21st___ day of November, 2019.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE