UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                       NO. 12-198

TERRANCE LODRIG                              SECTION "R"

## <u>ORDER AND REASONS</u>

Defendant Terrance Lodrig moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[1]  Upon review of the entire record, the Court has determined that this matter can be decided without an evidentiary hearing.  For the following reasons, the Court denies the motion.


## I.    BACKGROUND

On May 9, 2013, Lodrig was charged with several crimes related to an armed bank robbery conspiracy.[2]  On January 14, 2014, Lodrig pleaded guilty to (1) conspiracy to commit armed bank robbery; (2) armed bank robbery; (3) conspiracy to make false statements; and (4) conspiracy to commit money laundering.[3]  Under the terms of Lodrig's plea agreement, he waived his right to appeal and collaterally challenge his conviction and sentence.[4]

---

[1]    R. Doc. 595.
[2]    R. Doc. 57.
[3]    R. Doc. 223.
[4]    R. Doc. 224.

He also waived right to raise a claim of ineffective assistance of counsel in an appropriate proceeding, but the government has agreed not to assert this waiver as to any IAC claim.[5] On November 16, 2016, this Court sentenced Lodrig to 112 months of imprisonment.[6] In imposing this sentence, the Court granted a significant departure from the guideline range of 140-175 months for reasons not at issue here.

On August 28, 2017, Lodrig filed a pro se motion in which he stated that he would like counsel appointed to file his direct appeal.[7] He asserted that he asked his counsel to file his direct appeal, and his counsel ignored him.[8] The Court referred Lodrig's motion to the Criminal Duty Magistrate Judge for determination of counsel.[9] The Court also construed plaintiff's motion as a notice of appeal, and it was docketed with the Fifth Circuit Court of Appeals.[10] On December 5, 2017, Lodrig's appointed counsel filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct Lodrig's

---

[5] *Id.*; R. Doc. 615 at 6 n.6. The Department of Justice now prohibits such waivers of the right to bring an ineffective assistance of counsel claim. *See* United States Department of Justice, *Department Policy on Waivers of Claims of Ineffective Assistance of Counsel* (Oct 14, 2014), available at https://www.justice.gov/file/70111/download.

[6] R. Doc. 549.

[7] R. Doc. 568.

[8] *Id.*

[9] R. Doc. 574.

[10] R. Doc. 568.

sentence.[11]  Defendant asserted that the August 28, 2017, motion should properly have been construed as a motion for an out-of-time appeal based on ineffective assistance of counsel.[12]

Almost four months later, on March 30, 2018, defendant filed a supplemental motion amending his habeas corpus petition to include a sentencing-related ineffective assistance of counsel claim.[13]  In this motion, defendant argued that his counsel failed to properly investigate Lodrig's family situation as it related to his daughter, Ty'Jai, and to introduce evidence at his sentencing hearing in support of a motion for a downward departure or variance.  Specifically, defendant argues that defense counsel did not introduce readily-available evidence of Ty'Jai's mental and behavioral issues, or evidence that she was not living with her mother, Joshlyn Jayna Guy, who used drugs and had mental health issues of her own.[14]  Defendant also asserts that a proper investigation would have revealed that Ty'Jai's mother attempted to kill her, and that Ty'Jai was now in the Texas foster care system, where she was failing to acclimate.[15]  Although defendant's counsel did move for a downward departure or

---

[11]     R. Doc. 595.
[12]     *See id.* at 2.
[13]     R. Doc. 602.
[14]     *See id.* at 30-31.
[15]     *Id.* at 34-35.

variance on the basis of Lodrig's family situation at the time of sentencing,[16] defendant contends that there is a reasonable probability that had this evidence been introduced in support of that motion, Lodrig would have received a lesser sentence.

The Court ordered an evidentiary hearing to resolve Lodrig's failure-to-appeal IAC claim.[17] Lodrig then withdrew his failure-to-appeal IAC claim and elected to proceed on only his sentencing-related IAC claim.[18] The Court therefore considers only Lodrig's sentencing-related IAC claim.

## II.    STANDARD OF REVIEW

### A.    28 U.S.C. § 2255

Section 2255 of Title 28 of the United States Code provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Only a narrow set of claims are cognizable on a Section 2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the

---

[16]    R. Doc. 524-1.
[17]    R. Doc. 621.
[18]    *See* R. Doc. 626.

sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.* A claim of error that is neither constitutional nor jurisdictional is not cognizable in a Section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

When a Section 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." Rules Governing Section 2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the Government to file a response or to take other appropriate action. *Id.* The judge may then order the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. *Id.*, Rules 6-7.

After reviewing the Government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must determine whether an evidentiary hearing is warranted. *Id.*, Rule 8. An evidentiary hearing must be held "[u]nless the

motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).  No evidentiary hearing is required if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations."  *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence.  *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980).  For certain "structural" errors, relief follows automatically once the error is proved.  *Brecht v. Abrahamson*, 507 U.S. 619, 629-30 (1993).  For other "trial" errors, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case.  *Id.* at 637-38 (citation omitted); *see also United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht* in a Section 2255 proceeding).  If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."  28 U.S.C. § 2255(b).

## B.    Ineffective Assistance of Counsel

To establish a claim of constitutionally ineffective assistance of counsel, a petitioner must show both (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance, the likely outcome of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687-96 (1984). The petitioner must meet both prongs of the *Strickland* test and, if the Court finds that the petitioner has made an insufficient showing as to either prong, the Court may dispose of the claim without addressing the other prong. *See id*. at 697.

As to the first prong of the *Strickland* test, counsel's performance must be compared to "an objective standard of reasonableness, mindful of the strong presumption of adequacy." *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997). A court should not find inadequate representation merely because, with the benefit of hindsight, the court disagrees with counsel's strategic choices. *Id*. The Fifth Circuit has made clear that "[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Id*. (quoting *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983)). As to the second *Strickland*

prong, a petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

## III.  DISCUSSION

### A.    Timeliness

The government argues that Lodrig's sentencing-related IAC claim should be dismissed as untimely.  There is a one-year statute of limitation for Section 2255 claims, which begins to run on "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(f)(1).  Although the statute includes certain exceptions that extend the statute of limitations, none is applicable here.  Defendant's judgment became final on December 5, 2016, two weeks after his November 21, 2016 judgment was entered.  *See* Fed. R. App. P. 4(b)(1) (stating that an appeal in a criminal case must be filed within 14 days of the entry of the judgment or order being appealed).  Once the statute of limitations has passed, a petition may be amended only if it relates back to the original petition pursuant to Rule 15 of the Federal Rules of Civil Procedure.  *See United States v. Gonzales*, 592 F.3d 675, 679 (5th Cir. 2009) ("It is well settled that Rule 15 applies to federal habeas proceedings.").  The

government contends that defendant's sentencing-related IAC claim, which was filed on March 30, 2018—over three months after the limitations period ran—is therefore untimely and does not relate back to defendant's bare-bones December 5, 2017 filing. The government further argues that there are no circumstances that merit tolling here.

The government is correct that defendant's March 30, 2018, sentencing-related IAC claim does not relate back to defendant's earlier petition. The claim is therefore untimely unless equitable tolling applies. "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The Fifth Circuit has admonished that district courts "must be cautious not to apply the statute of limitations too harshly" and that "[d]ismissal of a first habeas petition is a particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (quoting *Lonchar v. Thomas*, 517 U.S. 314, 324 (1996)). To demonstrate that equitable tolling is appropriate, a defendant must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in the way' of timely filing his § 2255 motion." *United States v. Petty*,

530 F.3d 361, 364 (5th Cir. 2008) (quoting *Lawrence v. Florida*, 549 U.S. 327 (2007)).

Lodrig has pursued his rights diligently. He filed his first pro se motion in August 2017, well before the one-year deadline.[19] He completed a financial affidavit,[20] followed the Court's instructions, and awaited appointment of counsel as instructed. To pursue his habeas corpus claim, he moved in a timely manner to voluntarily dismiss the appeal pending at the Fifth Circuit.[21] He filed a second, clarifying Section 2255 motion before the one-year limitations period ended for the specific purpose of notifying the Court and the government that he was dismissing his appeal and pursing his habeas corpus claim, and that he planned to amend his motion pursuant to *Castro v. United States*, 540 U.S. 375 (2003).[22] The delay in filing his sentencing-related IAC claim was not significant, and it was filed before the government was required to respond. Moreover, the government was not prejudiced in responding to this claim, as is made clear by its fulsome response.[23] The government seems to argue that Lodrig did not diligently pursue his rights because he knew his attorney was ineffective at the time of

---

[19]    R. Doc. 568.
[20]    R. Doc. 577.
[21]    R. Doc. 597.
[22]    R. Doc. 595.
[23]    *See generally* R. Doc. 615.

his sentencing. But defendant's motion is partially premised on Lodrig's contention did not know the full extent of his family situation at the time of sentencing, and that such circumstances could have been discovered by investigation.

Moreover, extraordinary circumstances existed which prevented Lodrig from filing his sentencing-related IAC claim. Lodrig's initial pro se motion was construed as a notice of appeal. In retrospect, the Court should have construed defendant's filing as a motion under 28 U.S.C. § 2255 and given defendant warnings pursuant to *United States v. Castro*, 540 U.S. 375 (2003). And under *Castro*, defendant is given the right to withdraw or amend his pleading to include "all the § 2255 claims he believes he has." *Castro*, 540 U.S. at 383. This operated as an extraordinary circumstance standing in Lodrig's way. Fifth Circuit precedent demonstrates that judicial actions can create an extraordinary circumstance that merits equitable tolling. *See, e.g., Prieto v. Quarterman*, 456 F.3d 511, 514-16 (5th Cir. 2006). Indeed, the government does not argue that an extraordinary circumstance is not present. The unique procedural posture of this case is therefore

"sufficiently rare and extraordinary to warrant equitable tolling." *Patterson*, 211 F.3d at 932.

Because Lodrig has made a showing that he diligently pursued his rights and extraordinary circumstances were present, the Court grants equitable tolling of the statute of limitations. And because the Court finds that equitable tolling applies, and that defendant's sentencing-related IAC claim is therefore timely, it does not reach defendant's other arguments regarding timeliness.

## B. Sentencing

Lodrig's sentencing-related IAC claim deals with his counsel's failure to present evidence of Lodrig's family situation, and in particular the circumstances surrounding his daughter Ty'Jai. Lodrig maintains that had this evidence been presented, there exists a reasonable possibility that the Court would have granted a downward departure under Section 5H1.6 of the sentencing guidelines, or, alternatively, varied from the sentencing guidelines pursuant to 18 U.S.C. § 3553(a).

### 1. *Counsel's Representation*

Lodrig argues that his counsel's representation fell below an objective standard of reasonableness (1) because he failed to adequately investigate additional avenues to support his downward departure motion, and

(2) because he failed to put certain evidence that was readily available before the Court. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. "Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.*

### i.    *Failure to Investigate*

Defendant claims that as a result of counsel's failure to investigate, he was unable to present evidence of Guy's attempt to murder her children, as well as Ty'Jai's failure to acclimate to foster care. This evidence is relevant to Lodrig's motion only to the extent that defense counsel's representation fell below an objective standard of reasonableness in failing to investigate and discover it. *See Strickland* at 690-91 (holding that "strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation"). "In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the

circumstances, applying a heavy measure of deference to counsel's judgments." *Id.* at 691.

Defense counsel's representation does not fall below an objective standard of reasonableness in failing to investigate Ty'Jai's custodial circumstances. As the documents appended to defendant's motion make clear, neither Lodrig nor his mother knew as of the time of sentencing that Guy attempted to kill her children.[24] *See Strickland* at 691 ("Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant. In particular, what investigation decisions are reasonable depends critically on such information."). Nor could this information have been obtained as easily as defendant suggests—for example, criminal charges against Guy were not filed until more than two months after Lodrig's sentencing hearing.[25] And the evidence defendant relies upon regarding Ty'Jai's history in foster care is not something defense counsel could have known about at sentencing, as

---

[24]    *See* R. Doc. 602-2 at 7-8 ¶ 41 (affidavit of Sharon Scott Paul stating that Lodrig only learned of Guy's actions in spring 2017).
[25]    *See id.* at 20-21 (Guy's criminal records).

much of Ty'Jai's experience in the Texas foster care system took place after the sentencing hearing.

Moreover, defendant's counsel had already engaged in a substantial investigation to support his motion for a downward departure, including following up with Ty'Jai's teacher and doctor. And it is not beyond the scope of "reasonable professional judgment" to forgo additional investigation to further bolster an argument for a departure that is disfavored by the guidelines. *See Strickland* at 690-91; *see also Burger v. Kemp*, 483 U.S. 776, 794-95 (1987) (holding that an "all-out" investigation into mitigating circumstances was not required where a limited investigation yielded sufficient information). As such, defendant's claim for ineffective assistance of counsel for failure to investigate and uncover additional evidence, including that of Guy's attempted murder of her children and Ty'Jai's poor acclimation to foster care, fails.

## ii.    *Failure to Present Evidence*

Defendant also argues that his counsel failed to introduce evidence that was readily available in support of his motion for a downward departure. This evidence includes (1) a letter from Ty'Jai's teacher and testimony from

her teacher describing her behavioral issues;[26] (2) a letter from Ty'Jai's doctor and medical records detailing Ty'Jai's mental health concerns;[27] and (3) testimony from Sharon Scott Paul (defendant's mother) and Harold Lee Paul explaining that Lodrig was a good caretaker, that Guy was a poor caretaker with drug and mental health issues, and that Ty'Jai was now living with Guy, not Lodrig's mother.[28]

The Court finds that defense counsel's representation fell below an objective standard of reasonableness in failing to provide this evidence to the Court at sentencing. Defense counsel had the evidence readily available because he used it in an attempt to have Judge Africk reopen Lodrig's detention hearing.[29] And while defense counsel adverted to the existence of this evidence at the sentencing hearing, he did not do so until after the Court had already denied his motion for a downward departure or a variance based on his family situation, including his care for Ty'Jai, and the Court was about to impose sentence. This prompted the Court to admonish defense counsel

---

[26]     R. Doc. 602-1 at 11; R. Doc. 602-2 at 16 ¶ 10 (Hartweck declaration stating that she would have testified).

[27]     R. Doc. 602-1 at 10; *see also* R. Doc. 524.

[28]     *See* R. Doc. 600-4 at 7 ¶ 39 (Sharon Scott Paul declaration stating that she would have testified), 14 ¶ 27 (Harold Lee Paul declaration stating he would have testified).

[29]     R. Doc. 591.

for failing to provide the Court with evidence if he had it. The failure to introduce this evidence was therefore "the result of inattention, not reasoned strategic judgment." *Wiggins v. Smith*, 539 U.S. 510, 534 (2003).

2. *Prejudice*

Although the Court finds that defendant's counsel fell below an objective standard of reasonableness, defendant must also show prejudice from this failure. That is, defendant must show that there is a reasonable possibility that, had counsel properly presented the evidence in support of his sentencing motion, the result of the sentencing proceeding would have been different. *Strickland*, 466 U.S. at 694. Because defense counsel's investigation did not fall below an objective standard of reasonableness, the Court considers only the evidence that defense counsel had in his possession and failed to introduce in support of his motion for a downward departure based on Section 5H1.6 or, alternatively, a variance.

Even if the additional evidence had been presented, there is not a reasonable possibility the Court would have granted a departure based on Section 5H1.6 of the United States Sentencing Guidelines. Section 5H1.6 departures must meet a difficult test. The guideline's plain text reads: "In sentencing a defendant . . . family ties and responsibilities are ordinarily not relevant in determining whether a departure may be warranted." USSG

§ 5H1.6.  The Fifth Circuit's precedent emphasizes that "[u]nless there are unique or extraordinary circumstances, a downward departure from the guideline range based on defendant's parental responsibilities is improper." *United States v. Brown*, 29 F.3d 953, 961 (5th Cir. 1994).  And courts may depart from the sentencing guidelines based on family responsibilities only in "rare or exceptional circumstances."  *United States v. Winters*, 174 F.3d 478, 482 (5th Cir. 1999).  Any departure made under Section 5H1.6 must also be weighed against the seriousness of a defendant's offense.  *See* USSG § 5H1.6, application note 1(A)(i).

In light of the high hurdle a defendant must pass to merit a departure under Section 5H1.6, the Court does not find that defendant was prejudiced by his counsel's failure to put this evidence.  This evidence indicates that Lodrig acted as an effective caretaker for Ty'Jai before his arrest, and that the child's mother was a poor caretaker due to her drug and mental health issues.  But courts have found a departure under Section 5H1.6 inappropriate even when a defendant is the primary caretaker, or when a child's other parent was a poor guardian.  *See United States v. Rodriguez-Velarde*, 127 F.3d 966 (10th Cir. 1997) (rejecting an argument for a departure based on family circumstances where the defendant was a child's sole caretaker); *United States v. Harrison*, 970 F.2d 444, 447-48 (8th Cir. 1992) (rejecting

an argument for a departure based on family circumstances where a child would live with her biological mother who abused substances and went out frequently).

Defendant also stresses that defense counsel failed to emphasize Ty'Jai's behavioral and mental health issues. Defendant made an argument premised on Ty'Jai's special needs, albeit without additional evidence to support his contentions. But courts have also found that a child's special needs are not sufficient to merit a departure under Section 5H1.6. *See United States v. McLatchey*, 316 F.3d 1122, 1131-32 (10th Cir. 2003) (holding that care for a child with physical or mental disabilities is not sufficient to warrant a downward departure based on family circumstances).

Moreover, even had defense counsel presented the evidence at issue, it would have to be weighed against Lodrig's offense conduct. *See* USSG § 5H1.6, application note 1(A)(i). Lodrig drove the getaway car for three of his coconspirators after they robbed a Capital One bank with firearms.[30] He planned the robbery with his coconspirators beforehand, and took a cut of the proceeds.[31] Because some of the money was dyed, he laundered the money through Harrah's Casino to avoid detection.[32] When Lodrig became

---

[30] R. Doc. 225 at 2.
[31] *Id.* at 2-3.
[32] *Id.* at 4.

aware that federal law enforcement sought to speak to those who laundered money through Harrah's, he gathered those involved at his house where they agreed to tell law enforcement a concocted story.[33]  Lodrig later told law enforcement this false story on at least two occasions.[34]  The severity of these crimes, when weighed against any additional evidence or argument in favor of a departure, further indicates that there is not a reasonable possibility that the outcome of the sentencing hearing would have been different had additional evidence been produced.

Finally, defendant argues that there is clear evidence of prejudice in the sentencing record because at sentencing the Court admonished counsel for not providing it the evidence he used in trying to reopen Lodrig's detention hearing.  The Court stated: "[I]f you had some evidence, you know, it might make a difference.  But I'm not saying that it does."[35]  The Court therefore made clear that there was a possibility additional evidence would have made no difference whatsoever.  Having now considered the evidence defense counsel sought to introduce or could have readily introduced, the

---

[33]     *Id.* at 4-5.
[34]     *Id.* at 5.
[35]     R. Doc. 592 at 16.

Court finds that there is not a reasonable possibility it would have changed the outcome of the sentencing hearing.

Defendant also makes a passing argument that, alternatively, the additional evidence in support of a departure would also have created a reasonable possibility that the Court would grant a variance under 18 U.S.C. § 3553(a). District courts are provided wide discretion in imposing a variance under 18 U.S.C. § 3553(a). *See United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008). In imposing a variance, the district court must consider a variety of factors, including "the nature and circumstances of the offense and the history and characteristics of the defendant" as well as the need for the sentence imposed to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(1), (2)(A).

As described above, Lodrig participated in an armed bank robbery, laundered the proceeds of that robbery, and lied to the authorities on at least two occasions.[36] Lodrig also had a lengthy criminal history which included burglary, identity theft, and distribution of various controlled substances.[37] And Lodrig's sentence was already well below his guideline range because

---

[36]    R. Doc. 225 at 2-5.
[37]    R. Doc. 374 at 14-20.

the Court granted a departure for reasons not at issue here. Even considering the evidence available but not used by counsel at the sentencing, the family situation would not be so exceptional as to warrant a variance, especially when balanced against Lodrig's offense conduct. Thus, even if counsel had presented the evidence at issue to the Court, there is not a reasonable possibility that the Court would have granted a downward variance under 18 U.S.C. § 3553(a).

Because defendant faced no prejudice as a result of counsel's failure to produce this evidence, defendant's Section 2255 motion is denied.

## C.    Certificate of Appealability

When a district court enters a final order adverse to a petitioner under 28 U.S.C. § 2255, the court must issue or deny a certificate of appealability. Rules Governing Section 2255 Proceedings, Rule 11(a). A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  With respect to claims denied on procedural grounds, the petitioner must make a two-part showing: (1) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and (2) that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right."  *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack*, 529 U.S. at 484).

Lodrig's motion does not satisfy these standards.  For the reasons stated in this order, the Court finds that Lodrig's arguments do not amount to a substantial showing that his constitutional rights were compromised, nor would they engender any type of debate among reasonable jurists.  Accordingly, the Court will not issue a certificate of appealability.

## IV.  CONCLUSION

For the foregoing reasons, the Court DENIES Lodrig's motion to vacate his sentence under 28 U.S.C. § 2255.  The Court will not issue a certificate of appealability.

New Orleans, Louisiana, this ___1st___ day of April, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE